

**Service of Process Transmittal**
05/18/2020
CT Log Number 537674668

| | |
|---|---|
| **TO:** | CHIP HOWARD<br>L Brands, Inc.<br>3 Limited Pkwy<br>Columbus, OH 43230-1467 |
| **RE:** | **Process Served in Missouri** |
| **FOR:** | Victoria's Secret Stores, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MINOR JANE DOE By and through Delores Hill, etc., Pltf. vs. Victoria's Secret Stores, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20SLCC01579 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/18/2020 postmarked on 05/15/2020 |
| **JURISDICTION SERVED:** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780120560682<br><br>Image SOP<br><br>Email Notification,  SHANEL ANDERSON  sanderson@lb.com<br><br>Email Notification,  Candy Williamson  cwilliamson@lb.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

EXHIBIT A

Page 1 of  1 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

7019 2970 0000 8278 4318

U.S. POSTAGE PAID
FCM LG ENV
SAINT LOUIS, MO
63105
MAY 15, 20
AMOUNT
$8.60
R2305M146353-96

FIELDS AND ASSOCIATES LLC
ATTORNEYS AT LAW
GRAND CENTRAL BUILDING
415 SOUTH 18TH STREET
SUITE 101
ST. LOUIS, MISSOURI 63103

CT Corporation
120s Central Avenue
Clayton, MO. 63105

— 120 South Central



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: <br> ELLEN HANNIGAN RIBAUDO | Case Number: 20SL-CC01579 | |
|---|---|---|
| Plaintiff/Petitioner: <br> JANE DOE <br><br> vs. | Plaintiff's/Petitioner's Attorney/Address <br> LARRY S FIELDS <br> 415 S 18TH STREET <br> SUITE 101 <br> ST LOUIS, MO 63101 | SHERIFF FEE PAID |
| Defendant/Respondent: <br> VICTORIA'S SECRET STORES LLL | Court Address: <br> ST LOUIS COUNTY COURT BUILDING <br> 105 SOUTH CENTRAL AVENUE <br> CLAYTON, MO 63105 | |
| Nature of Suit: <br> CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: VICTORIA'S SECRET STORES LLL
                              Alias:

C T CORPORATION
120 CENTRAL AVENUE
CLAYTON, MO 63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

29-APR-2020
Date

_____
Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server                       Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

(Seal)    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                                    Date                     Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only.* Document ID# 20-SMCC-3789   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

IN THE 21ST CIRCUIT COURT OF MISSOURI
CITY OF ST. LOUIS COUNTY

| | |
|---|---|
| MINOR JANE DOE ) | |
| By and through ) | |
| ) | |
| DELORES HILL ) | |
| ) | Case Number: |
| As Next Friend ) | |
| ) | |
| Plaintiff, ) | Division |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| VICTORIA'S SECRET STORES, ) | |
| LLL, VICTORIA'S SECRET STORES ) | |
| BRAND MANAGEMENT, INC., ) | |
| VICTORIA'S SECRET DIRECT BRAND ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| DBA VSS Store Operations LLC ) | |
| ) | |
| Serve: C T Corporation ) | |
| 120 Central Avenue ) | |
| Clayton, MO. 63105 ) | |

**PLAINTIFF COMPLAINT**

Delores Hill files this Plaintiff Complaint against Defendants Victoria's Secret, LLC, Victoria, Victoria's Secret Stores Brand Management, Inc., Victoria's Secret Brand Management, LLC and VSS Store Operations LLC.

**INTRODUCTION**

1. Victoria's Secret operates hundreds of retail stores and aggressively reaches customers via the internet, social media and phone apps. Victoria's Secret stores host millions of customers each year. Victoria's Secret manufactures, creates, sales women's apparel under the labels Victoria's Secret and Victoria's Secret PINK. Victoria's Secret budgets and spends millions promot-

1

ing and marketing the Victoria's Secret and Victoria's Secret PINK lifestyle and goods through print, television, digital, social media and apps across the United States and the greater St. Louis area.

2.  Victoria's Secret sells itself as the measure of feminine attributes. The standard of what women are to aspire to be. Victoria's Secret models don angelic wings personifying an angelic stature. Victoria's Secret invites millions of customers to their stores around the globe.

3.  It is foreseeable that the women's apparel manufacturer may entice invitees to visit its stores in attempts to purchase advertised goods and to live the life styled glamorized by Victoria's Secrets print and electronic advertisement. It is foreseeable that invitees shall be enticed by Victoria's Secrets fashion models and fashion shows.

4.  Victoria's Secret designed, constructed, supervised, maintained, exercised dominance and control over its stores and employees. Minor Jane Doe suffered a serious hand injury when her finger dominant hand middle finger was severed in a Victoria's Secret dressing room door. Minor Jane Doe by and through next friend files this lawsuit in hopes that Minor Jane Doe injuries shall be the last suffered of the sort at the control of Victoria's Secret.

## PARTIES

5.  Plaintiff is Next Friend Delores Hill on behalf of Minor Jane Doe and her biological Mother. Both reside in St. Louis County Missouri.

6.  Defendant is Victoria's Secret Stores LLC doing business as VSS Store Operations LLC in Missouri is a Delaware Corporation licensed to do business in the State of Missouri. Defendants Service of Process Agent is C T Corporation System located at 120 South Central Avenue, Clayton, MO. 63105.

Electronically Filed - St Louis County - March 09, 2020 - 05:19 PM

7. Victoria's Secret Stores Brand Management, Inc., is incorporated under the laws of Delaware with a principal place of business in Ohio. It does business in the State of Missouri and in this Circuit, but does not maintain an agent for service of process in Missouri. It may be served by mail in conformity with Missouri law by sending the Complaint to Victoria's Secret Stores Brand Management, Inc. office located at Four Limited Parkway East, Reynoldsburg, Ohio 43068.

8. Victoria's Secret Direct Brand Management, LLC, is incorporated under the laws of Delaware with a principal place of business in Ohio. It does business in the State of Missouri and in this Circuit, but does not maintain an agent for service of process in Missouri. It may be served by mail in conformity with Missouri law by sending the Complaint to Victoria's Secret Direct Brand Management, LLC's home office located at Five Limited Parkway East, Reynoldsburg, Ohio 43068.

9. Victoria's Secret Stores, LLC, Victoria's Secret Stores Brand Management, Inc., and Victoria's Secret Direct Brand Management, LLC are referred to collectively herein as "Victoria's Secret."

## II. JURISDICTION AND VENUE

10. Venue is proper in State Court in the County of St. Louis, in addition to other reasons contained herein, a substantial part of the events or omissions giving rise to these claims occurred in the County of St. Louis Missouri.

11. Victoria's Secret directs marketing and sales efforts throughout Missouri and St. Louis County through television, direct mail, digital, internet, social media and mobile phone applications and platforms.

12. The Victoria Secret App is interactive, engaging and aggressively drives customers to purchase items electronically and to visit Victoria's Secret stores with offers of in-store promotions. St. Louis internet and app users can view marketing directed to them, "live chats with fashion consultants, live stream Victoria's Secret fashion shows, view content calculated to facilitate the formation of contractual relationships for the sale of Victoria's Secret goods, and select, order, pay for and purchase and retrieve Victoria's Secret goods in St. Louis Missouri. St. Louis Missouri is a region to which Victoria's Secret ships its products.

13. Victoria's Secret has a well established store in St. Louis County Missouri in what is commonly referred to as the St. Louis Galleria Mall located at Saint Louis Galleria, 2454 St. Louis Galleria St Number 2055, St. Louis, MO. 63117. Plaintiff and Next Friend shopped at the Galleria location in celebration of Minor Jane Doe's birthday.

14. Victoria's Secret PINK line includes a teen friendly line of products targeting teenage customers in St. Louis Missouri. Victoria's Secret also operates a store in the West County Mall in St. Louis, County Missouri. Victoria's Secret resides in St. Louis County Missouri, and is subject to this Court's jurisdiction.

15. This Court has specific personal jurisdiction over each Defendant. Each Defendant has sufficient minimum contacts with the St. Louis County Missouri to support the exercise of specific personal jurisdiction over that Defendant because each Defendant purposely directed its activities with respect to the marketing and selling of the Victoria's Secret Apparel and attraction of Customers to its St. Louis County store locations. Each Defendant also purposely availed itself to the privileges of conducting business in St. Louis County and selling Victoria's Secret Apparel in St. Louis County Missouri. Second, Minor Jane Doe's claims arise out of, relate to and result from each Defendant's marketing, sale and invitation to visit Victoria's Secret Store.

4

Absent each Defendant's marketing, sale and solicitation, Minor Jane Doe would not have visited the store. Third, this Court's exercise of personal jurisdiction over each Defendant is fair and reasonable and does not offend traditional notions of fair play and substantial justice. St. Louis County among other reasons, (1) St. Louis County, Missouri has a compelling state and local interest in having this dispute adjudicated in this forum because its resident Jane Doe was seriously injured by the Victoria's Secret Store and design; (2) Jane Doe has a compelling interest in obtaining relief for the damages resulting from each Defendant's tortious conduct; (3) the most efficient resolution of Jane Doe's claims is to resolve them in this forum; (4) St. Louis County Missouri's interest in furthering fundamental substantive social polices is best furthered by resolving Jane Doe's claims in this forum. Because each Defendant's contact with St. Louis County Missouri stems from a product marketed to and, sold in St. Louis County Missouri, this Court has specific personal jurisdiction over each Defendant because each Defendant sold and delivered the Victoria's Secret Apparel to Minor Jane Doe with the knowledge and expectation that it was or would be purchased and used by Minor Jane Doe and other consumers in the St. Louis County Missouri.

16. Minor Jane Doe is a citizen of the State of Missouri, St. Louis County. Minor Jane Doe was injured in Defendants St. Louis County Missouri store. Victoria's Secret is incorporated under the laws the State of Delaware and has a principal place of business in the State of Ohio. The amount in controversy is in excess of $25,000.00. Jurisdiction is proper in the Circuit Court of St. Louis County, Missouri per §478.070.

Electronically Filed - St Louis County - March 09, 2020 - 05:19 PM

### III. FACTS

17. This case involves serious personal injury that resulted from the Victoria's Secret store dangerous, negligent design, manufacturing and construction of the St. Louis Galleria Victoria's Secret retail store.

18. On or about May 8, 2019 Plaintiff Minor Jane Doe visited Defendants St. Louis Galleria Store in hopes of purchasing an outfit in celebration of her birthday.

19. Jane Doe tried on several items in Defendants dressing room. Victoria's Secret Store manager told Minor Jane Doe that since the store was short staffed there was not a dressing room attendant and the dressing room door automatically locks.

20. Minor Jane Doe was forced to hold the dressing room door ajar to keep the door from locking and gaining parental approval of the outfits tried on. Minor Jane Doe had to try outfits on and come out of dressing room to show her Mother before Ms. Hill would approve any acquisition for her teenage daughter.

21. While simultaneously holding the dressing room door and showing an outfit to her mother the dressing room door slammed on Minor Jane Doe's hand removing the nail bed almost to the knuckle of her middle finger and nail bed of her dominant hand.

22. Jane Doe's mother had the presence of mind to remove the amputated portion of the finger out of the dressing room door that closed after slamming on Jane Doe's hand. Minor Jane Doe felt agonizing pain and openly cried. Victoria's Secret store manager chided Minor Jane Doe for crying and disturbing customers. All the while Ms. Hill grabbed the injured hand con-

6

cealing it from it from Minor Jane Doe and carrying the amputated portion of her finger in her off hand.

23. Jane Doe's Mother rushed her to the car while holding the removed section of Jane Doe's finger in one hand and holding Jane Doe's injured hand in the other.

24. While in route to the car Victoria's Secret Store sales manager accompanied by a security guard. Defendant store manager demanded pay for outfit Minor Jane Doe bleed on and was wearing on the way to the emergency room. Minor Jane Doe's mother provided store manager with a bankcard moments later store manager returned to Jane Doe and her Mother demanding the P.I.N. for the card presented. After being furnished with the P.I.N. and accompanied by Plaintiffs Brother, Store Manager returned with a receipt for the items.

25. Minor Jane Doe was rushed to Children's Hospital. Plaintiff was referred to a hand specialist at Cardinal Glennon Hospital. The attending surgeon rushed Jane Doe into surgery and reattached the amputated finger.

26. The repaired finger is now shorter than the corresponding finger on the opposite hand. Minor Jane Doe now has problems using the injured hand to complete the most rudimentary task.

27. Minor Jane Doe had a promising volleyball career prior to her injury. Following the injury Minor Jane Dow has been unable to play volleyball due to ongoing physical pain and trauma.

28. Minor Jane Doe has suffered emotional trauma as result of the incident. Minor Jane Doe has been unable to walk through certain doors and spaces as a result of fear and shock suffered from the incident.

29. Minor Jane Doe suffers nightmares and often times is unable to sleep alone as the incident is often relived in her dreams causing emotional trauma preventing her from sleeping.

30. Minor Jane Doe missed several days of school due to the physical and emotional injuries suffered at Victoria's Secret Store.

31. Jane Doe's pain is still unbearable at times despite doctors stating they have done all that they can do to the repair the injury.

32. Jane Doe has been and is currently attending counseling and therapy several times a month to learn how to overcome the trauma associated with the injury and traumatic incident.

33. Minor Jane Doe, prior to the incident, was a standout volleyball player.

34. Minor Jane Doe was a prospect for a highly coveted High School Volleyball team until she was injured.

35. After sustaining the hand injury Minor Jane Doe was unable to participate in the highly competitive summer leagues and circuits.

36. Consequently Minor Jane Doe failed to improve as her peers made gains while Plaintiff learned to live with a permanently deformed hand.

37. Minor Jane Doe as a result of her injury was denied a spot on the highly coveted high school team she once was tracked to be member of. She was thereafter denied admission to the High School at large.

38. Victoria's Secrets' negligence has negatively impacted Minor Jane Doe's academic and athletic trajectory.

39. Days before the incident Minor Jane Doe and her Mother visited the very same Victoria's Secret Store in St. Louis County.

40. On that occasion Victoria's Secret had a designated dressing room attendant letting customers in and out of each independent dressing room.

41. Had Defendants provided a dressing room attendant on the day of Minor Jane Doe's injury, Plaintiff would not have suffered the life altering injury that was suffered.

42. Defendants had an affirmative duty to provide a safe environment for Minor Jane Doe but Defendants failed to do so.

## COUNT I
## STRICT LIABILITY
## DEFECTIVE DESIGN

43. Plaintiffs; incorporate the foregoing by reference.

44. Victoria's Secret is strictly liable to Plaintiff for designing safe dressing room and premises and identify ultra hazardous conditions. The Dressing room door is defective in design so as to render it unreasonably dangerous for its intended use at the time Plaintiff was an invitee to the store.

45. It was foreseeable to Defendants that its customers would use dressing rooms to try on garments.

46. The Defendants invitation to visit the store was intended to induce customers like Plaintiff to the store and to use Defendants' fitting and dressing rooms in efforts to sale merchandise.

47. The Victoria's Secret dressing room design was unreasonably dangerous and defective.

48. There were safer alternative designs for the Victoria's Secret dressing rooms.

49. There were safer alternative designs for the Victoria's Secret dressing rooms and its component parts, including using no doors at all.

50. The defects in the design of the Victoria's Secret dressing room were the cause of Minor Jane Doe's injuries.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT II
## STRICT LIABILITY DEFECTIVE MARKETING

51. Plaintiff incorporates the foregoing by reference.

52. Further and in the alternative, Victoria's Secret is strictly liable to Plaintiff because Victoria's Secret knew or should have known of the dangerous risks associated with its dressing and fitting rooms use, but failed to warn and/or adequately instruct of the risk of harm from use of the Victoria's Secret Dressing and fitting rooms. Defendant stores are marketed as luxurious, and safe facilities.

53. The Victoria's Secret dressing and fitting room was unsafe, unreasonably dangerous, and defective in the absence of such a warning, and this was its condition at the time of Minor Jane Doe's visit.

54. Victoria's Secret marketing defect was a producing cause of Plaintiffs injuries.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT III

10

## NEGLIGENT FAILURE TO WARN

55. Plaintiff incorporates the foregoing by reference.

56. Further and in the alternative, Victoria's Secret owed a duty to warn and/or adequately warn or instruct users like Plaintiff of the foreseeable and known risks associated with the Victoria's Secret dressing and fitting room. Such as the potential to have a finger amputated.

57. The dangers and risks in the Victoria's Secret dressing and fitting rooms were reasonably foreseeable by Victoria's Secret at the time Plaintiff was injured.

58. Victoria's Secret negligent failure to warn and or instruct Plaintiff of those damages are the proximate cause of her injuries.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IV
## GROSS NEGLIGENCE

59. Plaintiff incorporates the foregoing by reference.

60. Further and in the alternative, Victoria's Secret's conduct constitutes gross negligence as recognized under Missouri Law. Plaintiff seeks exemplary damages as allowed by Missouri Law.

61. Victoria's Secret's conduct, when viewed objectively from Defendants standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Victoria's Secret knew its dressing and fitting rooms were to be

Case: 4:20-cv-00791-RWS   Doc. #: 1-1   Filed: 06/17/20   Page: 18 of 19 PageID #: 22

Electronically Filed - St Louis County - March 09, 2020 - 05:19 PM

used by customers of varying ages, heights, strength, and ability. Furthermore, Victoria's Secret knew the importance of having a dressing/fitting room attendant on duty and the risk of not having an attendant on duty. Despite Victoria's Secret awareness of the risks, Victoria's Secret proceeded with a conscious indifference to the rights, safety, or welfare of its customers like Minor Jane Doe.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT V
## NEGLIGENCE

61. Plaintiff incorporates the foregoing by reference.

62. Plaintiff was a business invitee owed a duty of reasonable care.

63. Victoria's Secret knew or should've known that the dressing and fitting rooms posed an unreasonable risk to invitees.

64. Victoria's Secret should have expected that Minor Jane Doe would not have discovered the unsafe conditions on her on.

65. Victoria's Secret failed to exercise reasonable care against the danger resulting in Minor Jane Doe's injuries.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages-compensatory, nominal, and/or punitive-in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

\_\_\_\_\_/s/Larry S. Fields_____
Larry S. Fields 58044
Fields and Associates LLC
401 S. 18TH Street
Suite 425
St. Louis, MO. 63101
T-(314) 241-3535
F-(314) 241-3536
e-mail Lsf19@msn.com